# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NEIL STUART MORGAN,<br><br>Defendant. | Case No.: 1:20-cr-00042-DAD<br><br>(*Jurisdiction transferred from CASD Case No. 07CR03417-001-JLS*)<br><br>**ORDER GRANTING DEFENDANT NEIL STUART MORGAN'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

Before the Court is a motion filed by Defendant Neil Stuart Morgan to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(1). For the reasons that follow, the Court grants the motion.

## BACKGROUND

On May 9, 2008, Mr. Morgan pleaded guilty to one count of violating 18 U.S.C. § 2252(a)(4)(B), possession of images of minors engaged in sexually explicit conduct. (Doc. No. 3.) On August 8, 2008, the United States District Court for the Southern District of California sentenced Mr. Morgan to 120 months in custody, followed by a 10-year term of supervised release. (*Id.*) On August 28, 2016, Mr.

Morgan was released from custody to the Fresno area, and began serving his term of supervised release.  On February 26, 2020, jurisdiction over Mr. Morgan's supervision was transferred to the Eastern District.  (Doc. No. 2.)

Mr. Morgan filed the instant motion on January 10, 2022, after having served approximately five years and five months of his 10-year term of supervised release. (Doc. No. 6.)  The United States filed an opposition to the motion on January 26, 2022 (Doc. No. 10), and also submitted Mr. Morgan's Presentencing Report under seal.  (Doc. No. 11.)  Mr. Morgan filed a reply brief on January 28, 2022.  (Doc. No. 14.)

The United States Probation Office takes no position on the motion.

## LEGAL STANDARD

Motions for early termination of supervised release are governed by 18 U.S.C. § 3583(e)(1).  Under that statute, the Court may terminate supervision after one year if the court finds that termination is "warranted by the conduct of the defendant released and the interest of justice[.]"  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination," and must by law consider the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).  *United States v. Ponce*, 22 F.4th 1045, __, 2022 WL 98133, at *2 (9th Cir. 2022).

## DISCUSSION

Mr. Morgan seeks early termination of his supervised release on the grounds that he has demonstrated extraordinary compliance with the terms of his supervised release, and has pursued a successful course of rehabilitation and reintegration into society through continued sobriety, educational achievements, and family ties.  In addition, Mr. Morgan argues that his desire to enter the workforce, after graduating in December 2021 with a Bachelor of Science Degree in Mechanical Engineering, is impeded by the requirements of supervision.  Mr. Morgan further argues that the

conditions of supervision prevent his full participation in family life as a married father of his son, born in March 2020.

After considering the above-referenced papers submitted by the parties, as well as the Presentencing Report, the Court finds that Mr. Morgan has met his burden to demonstrate that early termination of his supervised release is warranted.  The Court recognizes and shares the concerns over public safety and risk of re-offense expressed by the United States in opposing the motion, and further recognizes the grievous nature of Mr. Morgan's conviction offense and the justice of his sentence.  At the same time, the Court also recognizes that Mr. Morgan's performance on supervised release has been exemplary, and that Mr. Morgan's achievements, both personal and educational, as well as his extraordinary compliance with the conditions of supervised release, satisfy the standard set forth in 18 U.S.C. § 3583(e)(1).  In addition, the Court finds that continued supervision will to some degree impede Mr. Morgan's career opportunities.  Based upon these considerations, early termination of supervised release is warranted.

## **ORDER**

Accordingly, IT IS HERE BY ORDERED that:

1. Defendant Neil Stuart Morgan's motion for early termination of supervised release (Doc. No. 10) is GRANTED;
2. Mr. Morgan's term of supervised release is TERMINATED immediately pursuant to 18 U.S.C. § 3583(e)(1); and
3. The Clerk shall serve a copy of this Order on the United States Probation Office of the Eastern District of California.

IT IS SO ORDERED.

Dated:  **February 10, 2022**                    _____
                                                                              UNITED STATES DISTRICT JUDGE